UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BENJIE THREETON                                    CIVIL ACTION

VERSUS                                             NO. 13-4709

RODNEY JACK STRAIN, ET AL.                         SECTION "S"(1)

## REPORT AND RECOMMENDATION

Plaintiff, Benjie Threeton, a state prisoner, filed this civil action pursuant to 42 U.S.C. §

1983. He named as defendants St. Tammany Parish Sheriff Rodney Jack Strain and Warden Greg

Longino. In the complaint, plaintiff challenges the conditions of his confinement at the St.

Tammany Parish Prison.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any

event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. §

1915A(a). Regarding such lawsuits, federal law further requires:

On review, the court shall identify cognizable claims or dismiss the complaint, or any
portion of the complaint, if the complaint –

(1) is frivolous, malicious, or fails to state a claim upon which relief
may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or
> > (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

> requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

In his complaint, plaintiff states his claims as follows:

A. Sheriff Jack Strain and Warden Greg Longino do not allow D.O.C. inmates access to the law library to study case law for appeals and criminal cases.

B. Sheriff Jack Strain and Warden Greg Longino do not provide D.O.C. inmates with proper recreation "yard" call for exercise.

C. St. Tammany Parish Prison does not provide proper good time programs or trades to D.O.C. inmates for proper rehabilitation.[1]

In order to better understand the factual basis of those claims, the Court held a Spears hearing on July 11, 2013.  See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).[2]  At that hearing, plaintiff testified as follows.

With respect to his claim concerning access to the law library, plaintiff explained that the jail's procedures make the legal program essentially useless.  He stated that while inmates may request specific materials, such as a copy of a particular statute, they are not allowed to do the general research necessary to learn which materials they should be requesting.  Plaintiff

---

[1]  Rec. Doc. 1, p. 5.

[2]  "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

acknowledged that he was represented by counsel at his criminal trial and that the same attorney is now handling the direct appeal; however, plaintiff wishes to do his own research to understand his case and to potentially assist his attorney. Plaintiff also stated that although the jail has an inmate counsel available, access to him is very limited.

As to his claim concerning outside recreation, plaintiff explained that he has been allowed outdoors only once for approximately forty-five minutes in the past two months. Plaintiff said that he is confined in a dorm, and he also has access to an inside "day room" which is approximately ten feet by twenty-five feet. He acknowledged that he has suffered no physical harm as a result of the denial of outside recreation.

As to his remaining claim, plaintiff stated that the only education and rehabilitation programs offered at the jail are a G.E.D. program and some faith-based programs. Plaintiff explained although he needs his G.E.D., he would prefer to learn a trade which would help him get a job when released. Plaintiff also stated that the faith-based programs are not attractive to him because he is not religious.

Although broadly construing plaintiff's complaint and his <u>Spears</u> hearing testimony,[3] the undersigned recommends that, for the following reasons, plaintiff's complaint be dismissed as frivolous and/or failure to state a claim upon which relief may be granted.

As an initial matter, the Court notes that the only form of relief plaintiff requests in this lawsuit is that the Court order prison officials to transfer him to a facility operated by the Louisiana

---

[3]   The court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

Department of Public Safety and Corrections.  This Court has no authority to issue such an order.

Placement of state prisoners is a matter left to the discretion of state officials.  A prisoner has no

right springing from the Constitution itself or from any protected liberty or property interest arising

from state law to be housed in any particular facility or to be transferred from one prison facility to

another, even if life in one prison may be much more disagreeable than in another.  Olim v.

Wakinekona, 461 U.S. 238, 245-46 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976);

Fuselier v. Mancuso, 354 Fed. App'x 49 (2009); Tighe v. Wall, 100 F.3d 41, 42 (5th Cir. 1996);

Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995); Jackson v. Cain, 864 F.2d 1235, 1250 (5th Cir.

1989); Maddox v. Thomas, 671 F.2d 949, 950 (5th Cir. 1982); Oatis v. St. Tammany Parish Sheriff's

Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *3 (E.D. La. Oct. 29, 2009); George v.

Travis, Civ. Action No. 07-986, 2007 WL 1428744, at *8 n.12 (E.D. La. May 10, 2007).[4]

　　　　Moreover, in any event, even if plaintiff had requested an appropriate form of relief, no relief

could be granted because his claims have no merit for the following reasons.

　　　　Plaintiff's first claim, i.e. that he should be provided with greater and more direct access to

a law library, implicates the constitutional right of access to the courts.  Regarding such claims, the

United States Fifth Circuit Court of Appeals has explained:

　　　　　　It is clearly established that prisoners have a constitutionally protected right
of access to the courts.  The Supreme Court has stated that this right of access is

_____

　　[4]　　Moreover, the Court notes that Louisiana law expressly provides:  "[A]ny individual subject
to confinement in a state adult penal or correctional institutional shall be committed to the Louisiana
Department of Public Safety and Corrections and not to any particular institution within the
jurisdiction of the department."  La.Rev.Stat.Ann. § 15:824(A).  State law further expressly provides
that, when necessary, state prisoners may be confined in parish jails.  La.Rev.Stat.Ann. §
15:824(B)(1)(a).

> founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights.  The Supreme Court has also viewed the right of access to the courts as one aspect of the First Amendment right to petition the government for grievances.  While the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court.

Brewer v. Wilkinson, 3 F.3d 816, 820-21 (5th Cir. 1993) (citations and quotation marks omitted).

The United States Supreme Court has further noted that the constitutional right of access to the courts does not encompass "an abstract, freestanding right to a law library or legal assistance" in prison.  See Lewis v. Casey, 518 U.S. 343, 351 (1996).  On the contrary, the right can be met in other ways, including by the provision of counsel.  See Degrate v. Godwin, 84 F.3d 768, 768-69 (5th Cir. 1996); see also Dickinson v. TX, Fort Bend County, 325 Fed. App'x 389, 390 (5th Cir. 2009) ("Because Dickinson had court-appointed counsel to represent him, he did not have a constitutional right of access to a law library to prepare his criminal defense."); Ashcraft v. Cameron County, No. 97-41219, 1998 WL 611201, at *3 (5th Cir. Aug. 17, 1998) ("A criminal defendant cannot complain that he was denied access to the courts while represented by counsel."); Ford v. Foti, No. 94-30614, 1995 WL 241811, at *3 (5th Cir. Apr. 14, 1995) ("A criminal defendant who is represented by counsel has meaningful access to the courts vis-a-vis the criminal action pending against him."); Childs v. Scott, No. 94-60723, 1995 WL 153057 (5th Cir. Mar. 22, 1995) ("If a criminal defendant is represented by counsel, he has constitutionally sufficient access to the courts."); Webb v. Havins, No. 93-1452, 1994 WL 286151, at *3 (5th Cir. June 13, 1994); Crockett v. Carpenter, No. 93-1480, 1994 WL 144645, at *3 (5th Cir. Apr. 5, 1994).  As noted, plaintiff testified at the Spears hearing

6

that he was and continues to be represented by counsel in the state criminal proceedings.  As a result, there has been no violation of his right of access to the courts.

Moreover, the Court expressly notes that the foregoing result is not changed by the fact that plaintiff would like to perform his own legal research to assist his counsel.  The right at issue simply does not extend that far.  See, e.g., Caraballo v. Federal Bureau of Prisons, 124 Fed. App'x 284, 285 (5th Cir. 2005) ("Caraballo also asserts that he was denied meaningful access to the courts because he was unable to assist his attorney during his direct appeal by conducting legal research.  Because Caraballo had court-appointed counsel on appeal, he had no constitutional right of access to a law library in preparing his defense, and Caraballo failed to state a claim for which relief may be granted."); Boyd v. Nowack, Civ. Action No. 09-7639, 2010 WL 892995, at *3 (E.D. La. Mar. 11, 2010) ("Because plaintiff is currently represented, he has no valid access-to-courts claim with respect to his criminal proceeding, even if he would like to 'assist' his attorney."); cf. Prather v. Anderson, No. Civ. A. H-05-2964, 2005 WL 2277528, at *2 (S.D. Tex. Aug. 31, 2005) ("It is well established ... that a criminal defendant has no constitutional right to hybrid representation ....").

Plaintiff next complains that he has been afforded virtually no opportunity for outside recreation.  Even if that is true, it is not an atypical, significant deprivation in a prison setting, and it does not rise to the level of a constitutional violation.  See Argue v. Hofmeyer, 80 Fed. App'x 427, 429-30 (6th Cir. 2003); Hill v. Pugh, 75 Fed. App'x 715, 721 (10th Cir. 2003); Smith v. Romer, No. 96-1211, 1997 WL 57093, at *2 (10th Cir. Feb. 11, 1997); Smith v. Beatty,  No. 95-1493, 1996 WL 166270, at *1 (7th Cir. Apr. 5, 1996); Francis v. Kaylo, Civ. Action No. 03-0439, 2006 WL 1581090 (W.D. La. June 5, 2006 ("[Prisoner's] contention that he was deprived of outdoor exercise does not

state a due process claim, nor does he have a liberty interest in outdoor recreation.").  Severe restrictions on or even complete denials of outdoor recreation have been found to be constitutional. See, e.g., Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983) (finding no violation of the Eighth Amendment's prohibition on cruel and unusual punishment when an inmate was not permitted outdoor exercise for a period of five years, but was allowed one hour daily outside his cell to exercise in any manner he desired); Chavis v. Fairman, No. 92-C-7490, 1994 WL 55719, at *5 (N.D. Ill. Feb. 22, 1994) ("Generally, even dramatic restrictions on outdoor exercise do not violate the Eighth Amendment (or due process, where pretrial detainees are at issue) so long as prisoners have ample opportunity to enjoy indoor activity."), aff'd, 51 F.3d 275 (7th Cir. 1995); Rue v. Gusman, Civ. Action No. 09-6480, 2010 WL 1930936, at *9 (E.D. La. May 11, 2010) ("[A]n inmate has no constitutional right to out-of-cell exercise if he has enough room to exercise in his cell and suffers no ill effects from the restrictions."); Broussard v. Phelps, Civil Action No. 86-2126, 1987 WL 18153, at *3 (E.D. La. Oct. 6, 1987) (no constitutional deprivation shown where prisoner was allowed outdoor recreation only twice in a seventeen month period in light of the fact that he was allowed to leave his cell for an hour each day and cell was large enough for indoor exercise). Therefore, this claim fails.

Plaintiff's third and final claim is that inmates do not have access to educational or rehabilitative services or programs.  That claim is frivolous because there is no constitutional right to such services or programs in prison.  Beck v. Lynaugh, 842 F.2d 759, 762 (5th Cir. 1988) ("[H]owever worthwhile and prudent such a program might be, ... a state has no constitutional obligation to provide basic educational or vocational training to prisoners."); Oatis v. St. Tammany

8

Parish Sheriff's Office, Civ. Action No. 09-6266, 2009 WL 3566120, at *2-3 (E.D. La. Oct. 29, 2009) ("Prisoners have no constitutional right to participate in educational, work release or other rehabilitation programs, particularly when no such programs exist at the facility."); Oglesby v. Gusman, Civ. Action No. 09-3593, 2009 WL 3254145, at *2 (E.D. La. Oct. 7, 2009); Sampson v. Corrections Corporation of America, No. 08-CV-0915, 2009 WL 837640, at *16 (W.D. La. Mar. 26, 2009) ("Prisoners do not have a constitutional right to 'social services.' Nor do inmates have a protected liberty interest in specific educational programs, recreation opportunities, or in avoidance of being transferred to facilities where the programs are less comprehensive. The United States Constitution does not mandate educational, rehabilitative, or vocational programs." (citation omitted)); Wilbon v. Gusman, Civ. Action No. 05-2443, 2006 WL 2119458, at *2 (E.D. La. July 25, 2006).

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be dismissed as frivolous and/or failure to state a claim upon which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this fifteenth day of July, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[5]   <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.